THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RASHAWN C. MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN,<br><br>    Defendant. | CASE C13-0857-JCC<br><br>ORDER |

The Court, having reviewed Plaintiff's Complaint (Dkt. No. 4), the Report and Recommendation ("R&R") of U.S. Magistrate Judge Brian A. Tsuchida (Dkt. No. 21), the Commissioner's objections (Dkt. No. 22), and the remaining record, hereby ADOPTS the R&R and REMANDS the case for further proceedings.

I.    BACKGROUND

Plaintiff's applications for disability-insurance benefits and supplemental security income were denied at the initial level and on reconsideration. Following a hearing on October 17, 2011, the Administrative Law Judge ("ALJ") found Plaintiff not disabled. (Dkt. No. 12, Ex. 2 at 28.) Plaintiff exhausted her administrative remedies and sought review of the Commissioner's decision in this Court. Magistrate Judge Tsuchida recommended reversing and remanding the matter for further administrative proceedings, (Dkt. No. 21 at 1) the Commissioner objected (Dkt. No. 22), and Plaintiff filed a response. (Dkt. No. 23.)

## II. DISCUSSION

The Court reviews *de novo* the sections of a magistrate judge's report and recommendations to which a party objects. *See* 28 U.S.C. § 636(b)(1). The Court will not overturn the Commissioner's final decision if it is supported by substantial evidence. *See* 42 U.S.C. §405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). It need not be a preponderance of the evidence but must be more than a mere scintilla. *See id*. (citing *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003)).

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *See Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1298–99 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)). An ALJ may reject the opinion of a physician if it is conclusory, brief, and unsupported by clinical findings. *See Magallanes*, 881 F.2d at 751.

The opinion of a nonexamining medical source is given less weight than the opinion of a treating or examining doctor. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Even so, an ALJ may not ignore these sources and must explain the weight given to the opinion. *See* Social Security Ruling 96-6p, 1996 WL 374180, at *2. An ALJ may reject the opinion of a nonexamining doctor by referring to specific evidence in the record. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

"Where medical reports are inconclusive, questions of credibility and resolution of

conflicts in the testimony are functions solely of the Secretary." *Id.*; *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). The ALJ's credibility findings must be supported by specific, cogent reasons. *See Gregor v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

A.   Dr. Sandvik's Opinion.

Dr. Sandvik conducted a psychological evaluation of Plaintiff on July 14, 2010. (Dkt. No. 12, Ex. 7 at 42). Both the ALJ and the Magistrate Judge described Dr. Sandvik's findings, which are not repeated in detail here. (Dkt. No. 12, Ex. 2 at 25–26; Dkt. No. 21 at 3.) In summary, Dr. Sandvik concluded that Plaintiff suffered from depression and post-traumatic stress disorder and that her situation was "too stressful . . . to perform work activities through a normal work day." (Dkt. No. 12, Ex. 7 at 44–45.) The ALJ gave Dr. Sandvik's opinion little weight because it was "not supported by the totality of the evidence," and it was not supported by Dr. Sandvik's objective findings that Plaintiff had "normal memory, normal knowledge of current events, and good interpersonal skills." (Dkt. No. 12, Ex. 2 at 26.) The Magistrate Judge concluded that the ALJ erred by failing to cite specific and legitimate reasons for rejecting Dr. Sandvik's opinion that Plaintiff's emotional issues made her unable to work. (Dkt. No. 21 at 3–4.)

The Commissioner makes three arguments as to why the Magistrate Judge erred in this finding. (Dkt. No. 22 at 3.) First, the Commissioner argues that the ALJ recited the findings of Dr. Sandvik's objective tests, and that these tests contradicted Dr. Sandvik's conclusion that Plaintiff was unable to work. (Dkt. No. 22 at 4.) Second, the Commissioner argues that the ALJ was not required to accept Dr. Sandvik's opinion concerning Plaintiff's emotional issues because it was "brief, conclusory, and inadequately supported by clinical findings." (Dkt. No. 22 at 4 (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). Third, the Commissioner argues that that any infirmities in the ALJ's conclusions can be resolved by considering the entirety of the record, and that Dr. Sandvik's opinion was not supported by the record because it was contradicted by treatment records from Dr. Shannon Corbin, M.D., and social worker Courtney Nitchke. (Dkt. No. 22 at 5.)

This Court agrees with the R&R that the ALJ failed to cite specific and legitimate reasons to discount Dr. Sandvik's opinion. Although the ALJ did detail Dr. Sandvik's objective findings, he failed to specify why he believed that they contradicted Dr. Sandvik's findings about Plaintiff's emotional issues. The Commissioner's suggestion that Dr. Sandvik's report was "brief, conclusory, or inadequately supported by clinical findings" is unpersuasive for several reasons. First, Dr. Sandvik's report contains more explanation than those cases in which a doctor's diagnosis was found to be unsupported. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding a doctor's diagnosis of several medical conditions unsupported by the evidence because the doctor included no rationale, treatment notes, or clinical observations). Furthermore, the ALJ's bare citation to Dr. Fligstein's report is not a specific and legitimate reason to disregard an examining psychiatrist's opinion. Although Dr. Fligstein looked at Plaintiff's medical records and her report appears to refer to Dr. Sandvik's examination of Plaintiff, Dr. Fligstein describes no specific evidence justifying her conclusion that Plaintiff could work despite her emotional issues. (Dkt. No. 12, Ex. 7 at 63.) The lack of specifics in Dr. Fligstein's report renders an unexplained citation to it an insufficient basis for disregarding Dr. Sandvik's opinion.

This Court also rejects the Commissioner's argument that Dr. Sandvik's opinion is contradicted by Dr. Corbin's and Ms. Nitchke's reports. This argument is an impermissible post-hoc rationalization. Although the ALJ stated that Dr. Sandvik's opinion was unsupported by the totality of the evidence (Dkt. No. 12, Ex. 2 at 26), the ALJ failed to give any supporting evidence or analysis for this conclusion beyond pointing to a conclusory statement in Dr. Fligstein's report. (Dkt. No. 12, Ex. 2 at 26; Dkt. No. 12, Ex. 7 at 63.) The Commissioner's reliance on *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001 (9th Cir. 2006) is misplaced. In *Warre*, the court upheld an ALJ's decision in part because it was consistent with an internal Social Security Administration document, which the ALJ had admittedly not cited. Even so, the court concluded it was not a post-hoc rationalization because an expert had relied on it in his testimony, and the

ORDER
PAGE - 4

ALJ had "clearly credited" the expert's interpretation. 439 F.3d at 1005 n.3. By contrast, none of the witnesses in this case testified about Dr. Corbin's or Ms. Nitchke's report, nor did Dr. Fligstein's report refer to either of them. (Dkt. No.12, Ex. 7 at 63.) Thus, the Magistrate Judge properly rejected the Commissioner's argument that these reports bolster the ALJ's conclusions. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking").

### B. Dr. Fligstein's Opinion.

The Commissioner argues that there is no need to reassess Dr. Fligstein's opinion because the ALJ did not err in its assessment of Dr. Sandvik's opinion. (Dkt. No. 22 at 6.) However, having concluded that the ALJ erred in assessing Dr. Sandvik's opinion, the Court agrees with the Magistrate Judge that Dr. Fligstein's opinion must also be reevaluated. Medical source opinions should be considered together, so reevaluating both opinions is necessary. (Dkt. No. 21 at 5–6.)

### III. CONCLUSION

For the foregoing reasons, the Report and Recommendation (Dkt. No. 21) is ADOPTED and the case is REMANDED for further administrative proceedings. On remand, the ALJ should reconsider the medical source opinion evidence and, as necessary, revise Ms. Miller's Residual Functional Capacity and proceed with steps four and five.

//
//
//
//

DATED this 18th day of February 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE